IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03137-CMA-MEH

ALCIN MALVEAUX,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL ENERGY,

    Defendant.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on March 18, 2015.**

    Plaintiff's Motion for Leave to File Second Amended Complaint [filed March 12; 2015; docket #32] is **granted**.

    Defendant has stated that it does not oppose the filing of the Second Amended Complaint, but requests that its pending Partial Motion to Dismiss [docket #29] not be denied as moot because its request for attorney fees and costs remains at issue. (Docket #35.) In support of its position, Defendant asserts that the parties began communicating about Plaintiff dismissing the pattern or practice claims – the claims which Defendant moved to dismiss – on January 6, 2015, but the issue was not resolved before Defendant's February 20, 2015 deadline to respond to the complaint. On March 12, 2015, Plaintiff filed the present motion for leave to amend, which dismisses the pattern and practice claims. Defendant contends it would not have incurred the expense of filing the Partial Motion to Dismiss if Plaintiff had timely moved to amend the complaint.

    Rule 15 of the Federal Rules of Civil Procedure provides that, following a 21-day period for service of the complaint or service of a responsive pleading or Rule 12 motion, a party may amend its complaint only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a) (2011). Rule 15 instructs courts to "freely give leave when justice so requires." *Id*. Plaintiffs frequently seek leave to amend a complaint after a defendant files a motion to dismiss, rendering the pending motion to dismiss moot. Absent a showing of bad faith, the Court rarely, if ever, awards attorney's fees to the defendant in this scenario.

    Here, in its Response to Plaintiff's Motion for Leave to File Second Amended Complaint (Response), Defendant seeks attorney's fees for filing its Partial Motion to Dismiss on grounds that Plaintiff's pattern and practice claims had no basis under Tenth Circuit precedent. First, Defendant acknowledges the parties were discussing dismissal of those claims prior to Defendant filing its motion; Defendant could have filed a motion for extension of time to respond to the Complaint, in order to resolve that issue and prevent incurring unnecessary expenses. Second, the issue of attorney's fees as a sanction is not properly before the Court. Defendant's request for attorney's fees

was not made by separate motion, but rather was raised in its Response and at the end of its Partial Motion to Dismiss, where Defendant cited authority holding that frivolous claims may result in sanctions. Indeed, in the Partial Motion to Dismiss, Defendant does not even directly allege that the pattern and practice claims *are* frivolous, and in the Response the word "frivolous" is not even mentioned. Because the Partial Motion to Dismiss has been rendered moot, the issue of attorney's fees is not ripe. In the event Defendant believes the pattern and practice claims were made in violation of Rule 11, or that there is another basis for an award of attorney's fees under these circumstances, it may file a separate motion for fees, which the Court will consider in due course.

Accordingly, the Partial Motion to Dismiss [filed February 20, 2015; docket #29] is **denied as moot**. The Clerk of the Court is directed to file Plaintiff's Second Amended Complaint, which is attached to the Plaintiff's Motion as Exhibit 1 [docket #32-1]. The Defendant shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 and all applicable local and federal rules.